Compiler of Laws

FILED
SUPERIOR COURT
OF GUAM

2014 JAN -7 PM 3: 41

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DANIEL LEE CIMO,<br><br>     Plaintiff,<br><br>  v.<br><br>YOUNG LIM CIMO,<br><br>     Defendant. | CASE NO. DM 1016-05<br><br>**DECISION AND ORDER** |

This matter came before the Honorable Arthur R. Barcinas for argument on Plaintiff's Motion to Terminate Spousal Support on September 6, 2013 and November 8, 2013. Attorney Seaton M. Woodley, III, represents Plaintiff and Attorney Jeffrey A. Cook represents Defendant. For the reasons set forth below, this Court denies the motion.

On June 28, 2005, the parties divorced and entered into a Marital Settlement Agreement (Agreement). The Agreement provided, in pertinent part, that Plaintiff would pay Defendant monthly spousal support in the amount of $3,000 through August 1, 2010, then in the amount of $2,500 onward from September 1, 2010. On April 18, 2013, Plaintiff moved this Court to terminate his spousal support obligation because of changed financial circumstances attributable to a federal tax levy on his income. In particular, Plaintiff argues that the tax levy "renders him unable to continue to pay Defendant." Defendant counters that Plaintiff's tax liability does not constitute a change of circumstances to warrant modification of Plaintiff's spousal support obligation. The parties also dispute whether the Agreement is subject to modification in light of the Supreme Court's decision in Lujan v. Lujan, 2012 Guam 7.

Plaintiff indicates that his monthly expenses total $7,532.85, which reflects $2,299.85 for credit cards and bank loans, $2,500.00 for spousal support, and $2,733.00 for the tax levy. As a preliminary matter, the Court is constrained to note that Plaintiff erred in concluding that

these expenses exceed his income by $997.25. Plaintiff calculates his monthly net income to be $3,802.60, which reflects his income less the tax levy of $2,733.00 and the current monthly spousal support payment of $1,451.00. Plaintiff, however, proceeds to miscalculate as follows: from his monthly net pay of $3,802.60, he subtracts credit card and loan bills—$2,299.85—*as well as* the $2,500.00 spousal support amount to reach the $997.25 shortfall. That is, Plaintiff twice subtracted spousal support from his monthly income, first as $1,451.00, then as $2,500.00. Thus, based on the exhibits submitted to the Court, it is apparent that when Plaintiff pays monthly spousal support of $1,451.00, he has a net positive remainder of $1,502.75. Alternatively, if Plaintiff pays monthly spousal support of $2,500.00, then his remainder would be $453.75.

Notwithstanding the tabulation error, the Court recognizes that Plaintiff's financial situation is dire. However, the Court must also emphasize that Plaintiff's difficulties are substantially due to the personal loans and credit card debt—$2,299.85 monthly and $53,862.09 overall as of March 2013—that he has individually and voluntarily assumed since the dissolution of the marriage. Without such debt, and accounting for the tax levy and spousal support obligation, Plaintiff's remaining monthly income is sufficiently high that the Court is not persuaded to terminate or modify spousal support. Simply put, Plaintiff's excessive personal debts cannot justify the termination of Defendant's spousal support rights, which take precedence over Plaintiff's personal debts just as in the context of federal bankruptcy. Accordingly, the Court declines to exercise its discretion to modify support terms under 19 GCA § 8405 and the motion is DENIED. Plaintiff's spousal support obligations shall remain in place pursuant to the terms of the marital settlement agreement. Because there is no merit to Plaintiff's request to terminate or modify spousal support, the Court need not construe the Agreement to determine whether the spousal support provision is part of a non-severable, integrated property settlement agreement such that it is not subject to modification.

**IT IS SO ORDERED** this day of January 7, 2014.

HONORABLE ARTHUR R. BARCINAS
**Judge, Superior Court of Guam**

Jo hereby certify that the foregoing s a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JAN 0 7 2014

Benny O. Cruz
Deputy Clerk Superior Court of Guam